846 F.2d 72
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert McCLELLAN, Petitioner-Appellant,
v.
T. Travis MEDLOCK, Attorney General of South Carolina,
William D. Leeke, Commissioner, South Carolina
Department of Corrections, Respondents-Appellees.
 No. 87-6723.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1988.
Decided May 4, 1988.
 
 Robert McClellan, appellant pro se.
 Salley Wood Elliott, Assistant Attorney General, for appellees.
 Before DONALD RUSSELL, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert McClellan appeals the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. He asserts that his conviction was constitutionally infirm because certain evidence was improperly admitted at his trial. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 McClellan, who was convicted of second degree criminal sexual misconduct for having sexual intercourse with one of his daughters, claims that the trial court erred in admitting testimony from his other two daughters about their sexual experiences with him. It is well-settled, however, that the admission of evidence of similar acts to show a common scheme does not violate the due process clause. Lisenba v. California, 314 U.S. 219, 227-28 (1941); accord Ellis v. Black, 732 F.2d 650, 656-57 (8th Cir.1984).
 
 
 3
 McClellan also claims that the trial court erred in allowing the prosecutor to ask him whether he had used or sold marijuana and in allowing the prosecutor to present evidence from his daughters rebutting his denial that he had sold marijuana. As the admission of this evidence did not violate any particular constitutional guarantee, the admission of the evidence will justify federal habeas corpus relief only if it rendered McClellan's trial fundamentally unfair. As McClellan had presented numerous witnesses testifying to his good character and his fitness as a parent, allowing the prosecutor to question McClellan and to present evidence about his past criminal behavior did not render his trial fundamentally unfair.
 
 
 4
 McClellan also contends that the trial court erred in allowing a defense witness to testify as to her personal opinion concerning the prosecuting witness's testimony. Presumably McClellan objects to the prosecutor asking his common-law wife whether his daughter was an honest person. The district court correctly ruled that asking McClellan's common-law wife whether she believed that McClellan's daughter was honest did not render McClellan's trial fundamentally unfair.
 
 
 5
 We deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 6
 DISMISSED.